*1023750994*

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY
FILED

JAN 29 2014

In The Office of the
Court Clerk RHONDA HALL

IN THE DISTRICT COURT OF CLEVELAND COUNTY

STATE OF OKLAHOMA

RON PORTER, )
)
    Plaintiff, )
v. ) Case No. CJ-2014-115-W
)
FARMERS INSURANCE COMPANY INC. )
)
    Defendant. )

## PETITION

**COMES NOW** the Plaintiff Ron Porter, and for his causes of action against the Defendant Farmers Insurance, and in support of his causes of action, would allege and state as follows:

## FACTS

1) The Plaintiff, Ron Porter, had a policy of Home Owners Insurance coverage with the defendant, FARMERS INSURANCE COMPNAY INC. and at all relevant times here in the Plaintiff had made all payments due and owing under the policy and had otherwise preformed all obligations precedent to coverage and the defendant has failed and refused to perform. Policy No. 0942971676, Claim No. 8001797661 and resides at 4109 Old Pont Ct., Moore, Oklahoma.

2) On May 31, 2013, Ron Porter presented a claim with his homeowner's insurance coverage for damage sustained to the roof of his house due to hail storm said carrier was Farmers.

3) A Farmers Representative physically inspected the real property and agreed to pay specific items claim in an aggregate.

4) On May 31, 2013, Ron Porter sustained damage to his roof due to a hail storm causing severe damage to his roof, gutters and the garage door of his home.

**EXHIBIT 1**

5) Ron Porter contacted his home owner's insurance provider Farmers, who sent out insurance adjuster Robert Rodriguez to investigate the claim. Robert Rodriguez came out to do a physical inspection of the premises on July 18, 2013 and issued a report.

## FIRST CAUSE OF ACTION DEFENDANT BREACHED INSURANCE CONTRACT

**COMES NOW** the Plaintiff, for his cause of action against Defendant Farmers for breach of contract, and incorporates the allegations and averments of the above and preceding paragraphs, and further states the following:

6) The Plaintiff notified Defendant Farmers of said claims, who has refused and/or failed to reasonably evaluate their claims, and have wrongfully refused to make payment under said contract of insurance.

7) The Defendant Farmers failed to pay all claims that were covered under Plaintiff's Ron Porter insurance coverage for damage to his home.

8) As a result of Defendant Farmers wrongful conduct in refusing to honor the terms and conditions of said policy of insurance, they have breached said contract to the damage and detriment of the Plaintiff.

9) The Plaintiffs' damage by Defendant Farmers is in an amount in excess of $10,000.00, exclusive of attorney fees and costs.

## SECOND CAUSE OF ACTION DEFENDANT ACTED IN BAD FAITH BY FAILUTE TO PAY CLAIM OF INSURED

**COMES NOW** the Plaintiffs, for his next cause of action for bad faith against Defendant Farmers, and incorporates the allegations and averments of the above and preceding paragraphs, and further states the following:

10) The Plaintiff has performed all obligations under said policy of insurance, and has submitted a demand for payment and has tendered all information requested by Defendant Farmers, who has wholly failed and/or neglected to fully perform under said contract of insurance and have wrongfully refused payment on the Plaintiffs' claims.

11) Defendant Farmers has breached its duty of fair dealing and good faith owed to the Plaintiff in the following respects:

    a.    Defendant Farmers has failed to fully pay the Plaintiff under his homeowner's policy at a time when it knew or should have known that the Plaintiff was entitled to said benefits under their policy of insurance;

    b.    Defendant Farmers unreasonably, and in bad faith, has withheld full payment of the Plaintiff's claims knowing the Plaintiff's claim for damage to be valid;

    c.    Defendant Farmers refused to honor all of Plaintiff's claims for damage;

    d.    Defendant Farmers has refused to honor the Plaintiff's claim for reasons contrary to the expressed provisions of the policy;

    e.    Defendant Farmers willfully, and in bad faith, used the fact of unequal wealth and bargaining position of the parties to effect economic gain to themselves, and to the detriment of the Plaintiff;

    f.    Defendant Farmers performed other acts and/or omissions, which damaged the Plaintiff.

12) As a result of the aforementioned wrongful conduct of Defendant Farmers, the Plaintiff has suffered damages under the terms of the policy of insurance in an amount in excess of $10,000.00.

13) Further, as a direct result of the aforementioned conduct of the Defendant Farmers, the Plaintiff has suffered anxiety, worry, embarrassment, mental and emotional distress, financial hardship, and has encountered incidental damage to the Plaintiff's damage in an amount in excess of $10,000.00.

14) Defendant Farmers has willfully and intentionally wronged the Plaintiff, and/or has treated the Plaintiff with gross neglect and reckless disregard for the Plaintiff's rights to the extent malice may be implied and punitive damages accesses in an amount in excess of $10,000.00.

## THIRD CAUSE OF ACTION DEFENDANT COMMITED FRAUD AS TO THE PLAINTIFFS INSURANCE POLICY

**COMES NOW** the Plaintiff Ron Porter and for his claim of Fraud against the Defendant states as follows:

15) The Defendant informed the Plaintiff that his insurance plan covered all the damage sustained to

the home.

16) The Plaintiff was given a breakdown of the parts of the home that were damaged and what Farmers would cover.

17) The Plaintiff Ron Porter relied on the information provided by the Defendant and their representative that the Defendant Farmers would provide services under the Plaintiff's policy and the Defendant would pay all the claims submitted by the Plaintiff.

18) The Defendant Farmers made material representation as to the truth when they knew the above statements were false or were made with a reckless disregard for their truth or falsity.

19) Such representations were made with the intention that Plaintiff Ron Porter rely on them.

20) As a result of the Plaintiff Ron Porter's reliance on Defendant Farmers statements he was harmed.

21) Further, whether or not the Defendant acted intentionally to deceive the Plaintiff by its actions they placed the Plaintiff Ron Porter at a disadvantage, to the extent necessary to satisfy the statutory requirements of constructive fraud under Oklahoma Statutes.

22) The fraudulent acts of the Defendant caused the Plaintiff to obtain services from the Defendant under the belief that Defendant would pay for all of these services.

**WHEREFORE**, Plaintiff Ron Porter prays judgment in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, together with interest, attorney fees, cost of this action, and any other relief that may be available and deemed appropriate by the Court.

Respectfully submitted,

HAYES LEGAL GROUP, P.C.

_____
GAYLON C. HAYES, OBA # 14492
Jill D. Oliver, OBA # 31675

6805 S. Western Ave.
Oklahoma City, Oklahoma 73139
Phone: (405) 616-5045
ATTORNEY FOR THE PLAINTIFF

ATTORNEY LIEN CLAIMED